UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURTAZA ALI, )
 )
Plaintiff, )
 )
v. ) Civil Action No. 17-2293 (UNA)
 )
FEDERAL BUREAU OF PRISONS, *et al.*, )
 )
Defendants. )

**FILED**

**JAN 22 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

The plaintiff is a citizen of and now resides in the United Arab Emirates. Compl. ¶ 1. He describes himself as "a devout Orthodox Muslim," *id.* ¶ 7, and his claims pertain to alleged denial of his right to exercise his religion while in the custody of the Federal Bureau of Prisons. *See id.* ¶ 7. Generally, the plaintiff alleges that defendant Shields, a Chaplain at the Federal Correctional Institution in Pollock, Louisiana, confiscated his religious literature in violation of rights protected under the First, Fifth and Eighth Amendments to the United States Constitution. *See id.* ¶¶ 3, 10-16. He demands a declaratory judgment, nominal, compensatory and punitive damages, and injunctive relief. *See id.* ¶ 30. For the reasons discussed below, the Court dismisses the complaint.

The plaintiff's claims against defendant Shields proceed under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). It is the plaintiff's obligation to demonstrate that this Court may exercise personal jurisdiction over Shields. *See Walton v. Fed. Bureau of Prisons*, 533 F. Supp. 2d 107, 112 (D.D.C. 2008). Because the

plaintiff does not allege that Shields is domiciled in or has a principal place of business in the District of Columbia, he does not demonstrate that this Court may exercise general jurisdiction over him. *See* D.C. Code § 13-422. Nor does the plaintiff demonstrate that this Court may exercise specific jurisdiction under the District's long-arm statute. *See* D.C. Code § 13-423(a). The plaintiff cannot rely on Shields' status as an employee of the BOP, the headquarters office of which is in the District of Columbia, as a basis for personal jurisdiction. *See Scinto v. Fed. Bureau of Prisons*, 608 F. Supp. 2d 4, 7-8 (D.D.C. 2009), *aff'd*, 352 F. App'x 448 (D.C. Cir. 2009).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA is one example of an express waiver of sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 1346(b)(1), but the FTCA does not expose the United States to liability for the commission of all torts, *see, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). And here, the Court lacks subject matter jurisdiction over the plaintiff's constitutional claims against the BOP because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Meyer*, 510 U.S. at 478.

The plaintiff is no more successful with respect to his claims, *see* Compl. ¶¶ 2, 5, under the Religious Freedom Restoration Act ("RFRA"), *see* 42 U.S.C. § 2000-bb. He has been released from BOP custody, rendering moot his RFRA claims and demand for injunctive relief.

*See Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998) ("Normally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison."). Furthermore, "RFRA does not waive the federal government's sovereign immunity for damages." *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006).

The Court concludes that the plaintiff's *Bivens* claims against Shields, the constitutional claims against the BOP, and his RFRA claims must be dismissed. Accordingly, the Court grants the plaintiff's application to proceed *in forma pauperis* and dismisses the complaint. An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE: ~~December ___, 2017~~
January 2, 2018